Application of Joseph F. STEPHENS, Eugene F. Wenzl and Mervin F. Browne.

Patent Appeal No. 7394.

United States Court of Customs and Patent Appeals.

June 9, 1965.

Thomas E. Scofield, Kansas City, Mo., for appellants.

Clarence W. Moore, Washington, D. C. (Jere W. Sears, Washington, D. C., of counsel), for the Commissioner of Patents.

Before RICH, Acting Chief Judge, and MARTIN, SMITH, and ALMOND, Judges.

ALMOND, Judge.

This is an appeal from the decision of the Board of Appeals which affirmed the examiner's rejection of claims 16 and 17 in appellants' application [1] for a "Dense Faced Laminated Structure."

The application relates to laminated fiber glass insulation panels of a type employed for closing off ceiling areas. The acoustical panel comprises an open structured, compressible backing member of relatively coarse glass fibers which are bonded at their intersections with a thermosetting, heat reactive binder. The low density backing is surfaced on at least one side with a dense skin of finer glass fibers and heat reactive binder. The fine fibers and binder are applied to the coarse fiber mat after bonding and curing of that mat have been effected. The laminate is then heated in a platen press to compress and cure the skin layer. A decorative pattern may be impressed into the uncured dense face layer by interposing a suitable pattern mold between the laminate and the heated press platen while curing is taking place. Although the backing member is of relatively low strength and low density (three pounds per cubic foot or less), the skin layer imparts sufficient stiffness to the panel that it can be suspended from a ceiling without excessive deflection occurring.

Claim 16 is illustrative:

A laminated insulation panel comprising a main body of uniform thickness and density, said main body being a resiliently compressible mat of glass fibers and cured heat reactive binder, the fibers of an average diameter of ten microns and bonded to one another at their intersections with said binder, the binder being contained in quantity insufficient to saturate the voids thus leaving a plurality of interstitial air spaces, and a skin on at least one face of said main body, said skin comprising a compressed mass of glass fibers having an average diameter not over five microns applied to said main body and bonded with a heat reactive binder to one another and to said main body subsequent to the curing of the binder in the main body and while said mass is compressed against the main body with sufficient force as to resiliently compress the main body to less than its normal thickness, said skin compressed to a greater density than said main body and impressed with a design in relief formed by compressing different areas of said mass to different densities during the curing of the binder in the mass thereby to limit the differing densities to said skin alone so that the design is not reproduced in the main body.

The references relied on are:

Gorski     2,550,465     April 24, 1951
Slayter    2,694,025     November 9, 1954
Labino     2,868,684     January 13, 1959
               (filed January 3, 1956)

Labino discloses a laminated fiber glass acoustical ceiling tile composed of a relatively porous backing and a thin, dense facing layer bonded to the backing. The backing consists of glass fibers having a diameter of 2–9 microns, bonded with a heat reactive resin. The backing may be a rigidly bonded structure or a relatively porous, resilient body, and has a density of 3 to 6 pounds per cubic foot. The thin facing layer consists of glass fibers having a diameter of less than 2 microns which also are bonded with a thermosetting resin. Labino forms the backing member and facing layer separately. Either the backing member or face mat may be compressed prior to joinder. He

1. Serial No. 750,654, filed July 24, 1958.

then joins the layers by spraying a bonding agent onto the uncured backing member and unrolling the preformed dense face mat from a storage roll into contact with the bonding agent-covered backing. Following joinder, the lamination is heated to cure the bonding material between the two glass layers and in the backing member. Labino states that the thin facing layer is receptive to various finishes which may be applied during the course of its manufacture.

Gorski discloses in pertinent part the formation of a porous glass fiber mat wherein a thermosetting binder secures the fibers at their intersections only.

Slayter discloses glass fiber insulation panels having a base member formed of glass fibers bonded with a thermosetting resin. Laminated to the base member is a dense facing layer composed of gypsum, glass fiber and a thermosetting resin. The one-eighth inch thick facing layer may be smooth, or the layer may be textured by curing in contact with a suitable mold.

The examiner rejected claims 16 and 17 as unpatentable over Labino in view of Gorski further in view of Slayter.[2] The examiner thought it would be obvious that the patterns or designs on the facing layer of Slayter could be utilized with the ceiling panels of Labino. The board agreed, adding that it found "no significant structure recited in these claims" which distinguished over the prior art.

■ In our consideration of the record in light of appellants' arguments, we find nothing which demonstrates that the examiner and the board erred in rejecting the claims. While we agree with appellants that references may not be combined indiscriminately and with guidance from appellants' disclosure to show that claims are unpatentable, we think the combination of references here is proper and adequately suggests the structure appellants have achieved.

Aside from their different modes of manufacture and design appearances, the ceiling tile of Labino and that of appellants, as defined in claims 16 and 17, are structurally similar. We find the densities of the layers, the diameter of the fibers in each of the layers, and the compressibility and resiliency of each backing mat to be essentially identical. We also note that Labino discloses that the facing layer of his panel, like appellants', "is of considerable tenacity due to the coherence of the fibers constituting the mat and the mat is fully capable of sustaining the stress exerted by the backing." Since Labino contemplates applying various finishes to his facing layer at an appropriate step in its manufacture, as well as compressing the surface layer to compact it further, we think the examiner and the board properly found Slayter to be suggestive of impressing or molding a textured design into the facing layer of the panel.

Appellants urge that Slayter can in no way be relied upon to teach a manner of forming a relief pattern in Labino's thin surface layer without departing from everything taught by Labino, and that "it is difficult to envision being able to mold a relief pattern wherein different areas of the web are of differing densities" in a surface layer having the thickness— 0.003 to 0.010 inches—disclosed by Labino. We agree with the examiner, however, that

It is believed that the molding operation of Slayter et al. would produce an identical product since the backing and mat layers are prepared separately by Labino. To use the design molding step of Slayter et al. on the facing mat of Labino would of necessity result in an increase in density in that part of the mat which was impressed with the design. Since the mat and backing would be combined only for the curing operation it is not at all apparent as appli-

2. Since appellants concede that the structure taught by Gorski is inherent in Labino's backing mat, and their specifica-tion otherwise indicates that such structure is well known, further discussion of Gorski appears unnecessary.

cants contend in their argument that the backing layer would also be compressed under the design or pattern in the mat or skin layer.

Moreover, if Labino's surface layer is indeed of insufficient thickness [3] to enable molding a design pattern therein, we do not believe one of ordinary skill in this art would find it unobvious to employ a thicker layer, such as used by Slayter.

Appellants also contend the board erred in failing to attach patentable significance to the process limitations in their product claims. We think it well settled that the presence of process limitations in product claims, which product does not otherwise patentably distinguish over the prior art, cannot impart patentability to that product. In re Dilnot, 300 F.2d 945, 49 CCPA 1015, and cases cited therein.

The decision is affirmed.

Affirmed.

WORLEY, C. J., took no part in the consideration or decision of this case.

3. Appellants disclose no thickness of facing mat necessary to allow molding a pattern therein, from which we can assess the validity of their arguments.