**TRI-WALL CONTAINERS, INC.**

v.

**The UNITED STATES and St. Regis Paper Company, Intervenor-Defendant.**

· No. 238-63.

United States Court of Claims.

March 14, 1969.

Richard A. Huettner, New York City, for plaintiff, Charles B. Spencer, New York City, attorney of record, William T. Boland, Jr., and Kenyon & Kenyon, New York City, of counsel.

G. Murray Paddack, Washington, D. C., with whom was Asst. Atty. Gen., William D. Ruckelshaus, for defendant.

Stuart A. White, New York City, attorney of record, for intervenor-defendant, Lawrence J. Swire and Ward, McElhannon, Brooks & Fitzpatrick, New York City, of counsel.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON and NICHOLS, Judges.

## OPINION

PER CURIAM:

This case was referred to Trial Commissioner Donald E. Lane with directions to make findings of fact and recommendation for conclusions of law under the order of reference and Rule 57(a). The commissioner has done so in an opinion and report filed on April 15, 1968. Exceptions to the commissioner's findings and report were made by all of the parties. The case has been submitted to the court on oral argument of counsel and the briefs of the parties. Since the court is in agreement with the opinion, findings and recommendation of the commissioner, with very slight modi-

fications, it hereby adopts the same, as modified, as the basis for its judgment in this case as hereinafter set forth. Therefore, the court concludes as a matter of law that claims 1, 2, and 3 of U. S. Patent No. 3,096,224, are invalid and judgment is entered to that effect with plaintiff's petition dismissed.

## OPINION OF COMMISSIONER

LANE, Commissioner:

This is a patent suit under Title 28 U.S.C. § 1498, in which plaintiff seeks to recover reasonable and entire compensation for the alleged unauthorized use by defendant of a patented invention. Plaintiff alleges infringement of claims 1, 2, and 3 of U. S. Patent No. 3,096,224 entitled "Corrugated Paper Board Product," which issued to plaintiff on July 2, 1963. Plaintiff is the owner of the '224 patent. The parties have agreed to defer accounting issues until the question of liability has been determined. Defendant asserts noninfringement, and intervenor asserts invalidity. Validity and infringement of the three asserted patent claims are the issues presented to the court for decision.

It is found that claims 1–3 of U.S. Patent No. 3,096,224 are invalid under the provisions of Title 35 U.S.C. § 102.

The invention claimed by the patent in suit relates to triple wall corrugated paper board including three corrugated sheets interposed between four spaced liner sheets. Triple wall corrugated paper board possesses desirable properties for packaging heavy objects and protecting frail objects in transit. It is rigid and strong, comparing favorably with wood as a packaging material for shipping objects too heavy to be shipped in prior corrugated paper board containers. Findings of fact 13–14 which accompany this opinion define the terminology used herein and briefly summarize the history of the corrugated paper board industry.

The three claims of the '224 patent are product-by-process claims. They define a product by use of both structural description and a recitation of the method for making the product. Variations which exist in the language of the three patent claims are not important to the discussion of claim validity which follows: Claim 1, which is representative, is reproduced below with the *method* recitation set out as a separate paragraph:

### Patent Claim 1

Triple wall corrugated paper board which is flat and adapted for scoring and bending to form a shipping container and consisting essentially of four paper liners, three corrugated paper mediums, the mediums being individually interposed between two liners in each instance, and adhesive applied to the ridges of the mediums' corrugations and the liners and intimately and rigidly bonding the mediums and liners together, the corrugations of the mediums being parallel to each other throughout said board and high enough so that the total thickness of said board is at least $\frac{3}{8}''$, and the total thickness of the liners and mediums being at least approximately .091", this total thickness being distributed between the liners and mediums so that said board is strong and rigid,

said triple wall corrugated paper board having been made by a single pass of all of said sheets prior to setting of said adhesive simultaneously through a corrugated paper board machine having a heating and drying section operated at a temperature within the range of approximately 300° to approximately 350° F. and at a temperature-speed relationship which is varied with the humidity, the thickness, and porosity of said sheets to provide a residence time in said section sufficient to set said adhesive and make a rigid and strong triple wall corrugated paper board.

Claim 2 of the '224 patent adds to claim 1 that the thickness of the board is at least ½ inch and that the corrugations of at least one of the mediums are at least approximately .181 inch high. Claim 3 adds to claim 2 a recital that at least the liners on the outsides of the board are thicker than the thickest one of the mediums.

The best evidence introduced by the intervenor-defendant to invalidate the patent claims was evidence of a series of sales by plaintiff of a triple wall corrugated paper board produced by a manual process. Section 102(b) of title 35 U.S. Code provides that a person shall be entitled to a patent unless the invention was "in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States."

Sale and public use of triple wall corrugated paper board produced by plaintiff's manual process occurred more than 1 year before October 2, 1953, which is assumed for the purposes of this case to be the priority date for plaintiff's application for a United States patent. Plaintiff does not controvert the evidence showing public use or sale of the manually produced triple wall board but contends that triple wall corrugated paper board as defined by the claims here in suit is patentably distinguishable from triple wall board produced by its manual process.

Plaintiff has attempted to distinguish the patented triple wall corrugated product and the product of its prior art manual procedure by asserting that the machine-made patented product has wood-like characteristics while the manually laminated product has very few desirable qualities for a container. Such assertions are not supported by record evidence in this litigation. The evidence offered by the defendant-intervenor to show substantial identity of the product of the asserted patent claims and the manually produced item sold by plaintiff in 1952 is summarized below.

The product of the asserted patent claims is structurally indistinguishable from carefully manufactured triple wall board made according to plaintiff's manual method. Any difference in strength which might exist between these two products results from the greater uniformity and efficiency which can be achieved by machine (double backer) manufacture. The actions of the plaintiff's officers and agents during the period 1952–1953 show that the manually produced product was asserted to have the same desirable properties which plaintiff now uses as a basis for arguing patentability of the wall board claim in the '224 patent. It is concluded that the *product* defined in the asserted patent claims is not patentably distinguishable from the *product* of the prior manual process.

It is well established that a product claimed as made by a new process is not patentable unless the product itself is new. The Wood-Paper Patent, 90 U.S. (23 Wall.) 566, 596, 23 L.Ed. 31 (1874); Cochrane v. Badische Anilin & Soda Fabrik, 111 U.S. 293, 311, 4 S.Ct. 455, 28 L.Ed. 433 (1884). In the earlier case the plaintiff sued for infringement of a patent claim for paper pulp described as produced by a new process. The Supreme Court held the patent claim invalid because paper pulp was itself an old product, stating:

> Paper-pulp obtained from various vegetable substances was in common use before the original patent was granted to Watt & Burgess, and whatever may be said of their process for obtaining it, the product was in no sense new. The reissued patent * * * is, therefore, void for want of novelty in the manufacture patented. 90 U.S. (23 Wall.), p. 596.

More recent cases point out that the addition of a method step in a product

claim, which product is not patentably distinguishable from the prior art, cannot impart patentability to the old product. Jungersen v. Baden, 69 F.Supp. 922, 928 (D.C.S.D.N.Y.1947), *aff'd*, 166 F.2d 807 (2d Cir.1948), *aff'd*, 335 U.S. 560, 69 S.Ct. 269, 93 L.Ed. 235 (1949); In re Stephens, 345 F.2d 1020, 1023, 52 CCPA 1409 (1965).

The parties have requested findings which bear on the issue of the obviousness of the *method* of manufacturing the product of the asserted patent claims. Because of the legal principles expressed above, obviousness of the *method* is not a question for decision in this litigation. The accompanying findings of fact, although they may be indirectly relevant to patentability of the method, have been drafted to resolve questions of validity of the asserted *product* claims.

■■ It should be noted that Section 102(b) is literally applicable only if the public use or sale is of the invention on which a patent application is later filed. However, complete identity of (1) a product sold or publicly used and (2) a product as claimed in an application filed more than 1 year after the sale or public use, is not a prerequisite for invalidation of the patent on the basis of the prior sale or use. Connecticut Valley Enterprises, Inc. v. United States, 348 F.2d 949, 953, 172 Ct.Cl. 468, 474 (1965); Dix-Seal Corp. v. New Haven Trap Rock Co., 236 F.Supp. 914, 917–920 (D.C.Conn.1964). As the findings of fact show, the prior art product and the claimed product are structurally identical and possess substantially identical physical properties. Section 102(b) is applicable in this case.

In view of the invalidity of all the asserted patent claims, it is not necessary to consider the numerous alternative invalidity defenses raised by the intervenor-defendant, or the issue of infringement. See Martin-Marietta Corporation v. United States, 373 F.2d 972, 179 Ct. Cl. 70 (1967). Plaintiff's petition should be dismissed.