59 CCPA

### Application of Randolph D. LURIE.
### Patent Appeal No. 8561.

United States Court of Customs and Patent Appeals.

Nov. 18, 1971.

————◆————

Vincent L. Ramik, Diller, Brown, Ramik & Holt, Arlington, Va., attorneys of record, for appellant.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents. Jack E. Armore, Washington, D. C., of counsel.

Before WORLEY, Chief Judge, and RICH, ALMOND, BALDWIN and LANE, Judges.

RICH, Judge.

This appeal is from the decision of the Patent Office Board of Appeals insofar as it affirmed the rejection of claims 14 and 15 in application serial No. 379,650, filed July 1, 1964, for laminated metal foil and plastic packaging material having weakening lines forming tear strips by which packages made from the material may be opened. At oral argument counsel for appellant withdrew the appeal as to claim 4. We affirm.

### The Subject Matter Claimed

So far as is relevant here, claim 14 recites a laminate "comprising at least one metal foil barrier layer and a stiffening layer of thermodegradable material" with a weakening line "in" the stiffening layer "in the form of a line of thermal degradation." Similarly, claim 15 recites a laminate "comprising two spaced metal foil layers and an intermediate stiffening layer of thermodegradable material * * * having a line of thermal degradation" along a predetermined tear line.

### The Rejection

Claims 14 and 15 have been rejected as obvious in view of Barnes et al., U. S.

---

24. Sturm v. United States, 190 Ct.Cl. 691, 421 F.2d 723 (1970).

patent No. 2,830,001, issued April 8, 1958, which discloses three-ply, laminated packaging material having tear strips embossed therein. The outer plies are of metal foil, bonded together by "a thin, flexible, non-tacky layer of an adhesive material." Barnes et al. indicate that their intermediate adhesive layer may be composed of either a thermosetting resin adhesive or a thermoplastic resin adhesive and that it may "have some resilience" but "should not be hard or brittle."

The examiner reasoned that appellant's characterization of one layer of his laminate as a "stiffening layer" did not distinguish it from the reference disclosure because the intermediate layer therein "in the absence of any difference structurally must inherently function as disclosed and claimed, namely[,] as a stiffening layer to some degree." The board agreed, adding that "it is obvious from the description of the adhesive by patentees * * * [as having "some resilence" in some embodiments] that a stiffening effect is present."

As to the recitation in each claim on appeal that the weakening lines bounding the tear strip were formed by "thermal degradation," the board held that appellant's language "expresses * * * [no] difference over the lines of the patent" because it "merely means that the layer has been made thinner at the tear lines while in a softened or molten state * * *."

OPINION

Appellant argues that "the word 'stiffening' was clearly presented to distinguish over the 'thin, flexible, non-tacky layer of an adhesive' forming the [intermediate] layer 12 of the Barnes et al laminate." Basically, he argues that

the intermediate layer in the reference imparted "no stiffening" to the prior-art laminate and that therefore the inclusion of the word "stiffening," with no further particularization, was sufficient to avoid the reference. However, as the solicitor points out, "the metal foil contemplated by the patent is a very thin and extremely flexible material * * *." In the two examples given, the foil is soft aluminum 0.0005 inches thick—which is the same order of magnitude contemplated by appellant. Since, by definition, a "stiffening layer" may be one that merely *increases* stiffness,* the flexible, possibly resilient, but not hard or brittle resin adhesive employed by Barnes et al. would inherently "stiffen" the metal foil layers to a substantial degree. Furthermore, although appellant's claims do not recite thickness for the various layers of his laminates, we note that the adhesive layers shown in the drawings of the reference are approximately as thick relative to the layers of foil as the intermediate layers shown in appellant's own drawings. In sum, we agree with the examiner that,

If the thickness of the stiffening layer is a critical aspect in the laminated structure claimed[,] appellant has failed both to disclose such thickness or to claim any thickness different from that shown by Barnes et al.

Accordingly, we hold the inclusion of the word "stiffening" to be insufficient to distinguish the subject matter claimed by appellant from the prior art.

Concerning the recitation that the weakening lines have been formed by "thermal degradation," appellant argues that the Board of Appeals "erred grossly" in affirming the rejection because it did so on the "speculative assumption" that the controverted language "merely means that the [thermodegradable] lay-

---

* According to The American Heritage Dictionary of the English Language (1969), the verb "stiffen," when used transitively, means "To make stiff or *stiffer*." (Emphasis supplied.)

er has been made thinner at the tear lines while in a softened or molten state * * *." On the contrary, appellant argues, the phrase "thermal degradation" means that the stiffening layer has been "heat weakened" along the desired line, although he concedes that "thinning of the stiffening layer * * * occurs" as the tear line is thermoformed.

The solicitor argues for the Patent Office that the controverted phrase is a process limitation and that it is "well settled that the presence of process limitations in product claims, which product does not otherwise patentably distinguish over the prior art, cannot impart patentability to that product," which language he quotes from In re Stephens, 345 F.2d 1020, 1023, 52 CCPA 1409, 1412 (1965). True enough, but the question in such a case is always whether the product so formed *does* otherwise patentably distinguish over the prior art. Here appellant asserts that it does, and no doubt it does distinguish in the sense that weakening lines such as he discloses and claims are not *identically* disclosed in the prior art. *Embossing* tear lines onto a given laminate at ambient temperature would not have the effect of heat weakening a layer consisting of thermodegradable material, whereas the method taught by appellant would. However, the rejection is not under section 102 but under section 103, and the weakening lines in the prior art laminates appear to be structurally very similar to appellant's weakening lines. Under the circumstances, we conclude that the Patent Office has made out a prima facie case of obviousness and that it thereupon became incumbent upon appellant to rebut it, if he could, by objective evidence of non-obviousness. In re Antle, 58 CCPA 1383, 444 F.2d 1168, 1172 (1971). This he has not done. Accordingly, we affirm the decision of the board as to claims 14 and 15. As to claim 4, the appeal is dismissed.

Affirmed.