53 CCPA

## Application of Fred P. WINSLOW.
### Patent Appeal No. 7527.

United States Court of Customs
and Patent Appeals.

Sept. 22, 1966.

Rehearing Denied Nov. 10, 1966.

Charles E. Brown, Washington, D. C.
(Vincent L. Ramik, Washington, D. C.,
of counsel), for appellant.

Clarence W. Moore, Washington, D.
C. (Jere W. Sears, Washington, D. C., of
counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, and
RICH, MARTIN, SMITH and ALMOND,
Judges.

RICH, Judge.

This appeal is from the unanimous de-
cision of the Patent Office Board of Ap-
peals,[1] adhered to upon reconsideration,
affirming the examiner's rejection of ap-
paratus claims 1, 3, and 11–18 and arti-
cle claim 9, all remaining claims in ap-
plication serial No. 48,668, filed August
10, 1960, for "Apparatus for and Meth-
od of Opening, Filling and Closing
Thermoplastic Bags." The appeal has
been withdrawn as to claim 9.

The invention is an apparatus for pack-
aging articles within flexible plastic bags
by supplying a jet of air to the upper-
most bag of a stack of bags to open it
to permit the insertion of the article.
The bags are generally rectangular and
have an opening at one end. One of the
walls is provided with an extension, or
flap, which projects beyond the mouth
and which contains a plurality of trans-
versely aligned holes. Perforations ex-
tending from each hole to the edge of
the flap weaken it so it can be torn from
retaining pins. The bags are stacked,
with their flap sides down, and placed on
a horizontal support state supported
at one end on a spring-biased hinge. The
plate is depressed when loaded with bags,
pivoting on its hinge. Upon release, the
spring urges the support upwardly to-
ward an upper plate member having pins
depending therefrom which pass through
the holes in the bag flaps and into open-
ings provided in the lower support plate.
Only the flap of each bag underlies the
upper plate member, which functions as
a stop against unlimited upward move-
ment of the stack of bags and which,

1. Consisting of Examiners-in-Chief Brewrink, Manian and Freehof, the latter writing the
opinion.

in conjunction with the lower support, acts to clamp or sandwich the flaps of the bags, the pins passing through the flap holes.

The uppermost bag is opened by directing an air blast across the top plate member and into the mouth thereof. An article is then inserted, either automatically or manually, through the mouth which is kept open by continuing the blast. The bag is then pulled longitudinally in a direction parallel to and away from the air blast, thereby tearing the flap along the perforated lines and removing the filled bag from the pin. The bag is then closed and heat sealed.

All the appealed claims define an apparatus for opening and filling bags, there being no provision for closing or sealing the bags once filled. Claims 1 and 3 require but one depending pin. Remaining claims 11–18 are patterned after certain claims in a patent[2] to one Altman, Jr., hereafter Altman, which is not relied on by the Patent Office in support of the rejection.

Claims 1 and 16 read:

1. An apparatus for use in opening and filling bags of the type having a mouth and a flap extending beyond the mouth, said apparatus comprising an air blast source, means for directing air from said air blast source into the mouth of a bag to open the bag and hold the same open, said air directing means *including a plate member adapted to overlie flaps of the bags, and a bag support extending generally in the direction of the air blast and having an end portion underlying said plate member for cooperation therewith* to engage and temporarily hold flaps of the bags during the opening thereof said plate member having at least one depending pin for passage through bag flaps, and said bag support end portion having an opening to permit the passage of said pin therethrough, whereby bag flaps are simultaneously both clamped between the plate member and the bag support end portion and are firmly anchored against longitudinal movement by the pin.

16. In a bagging and filling machine wherein air is supplied to the uppermost of a pile of flexible plastic bags in a package of flexible plastic bags, each said bag comprising two contiguous walls when the bag is in folded condition, one of said walls extending beyond the other to form a lip, said lip having a pair of spaced openings therethrough, said bags being positioned with said openings in alignment, pin means extending through said openings and slidable relative thereto, said pin means having upper and lower ends, means yieldingly urging said package of bags upwardly, *the improvement comprising stops means mounted on said machine against which the package of bags is urged upwardly, said stop means having ing portions thereof engaging and locating the upper ends of said pin means.*

The examiner rejected the claims remaining on appeal as unpatentable over:

Gerbe       2,673,016   March 23, 1954
Hellman     1,794,517   March  3, 1931
Rhoades       991,245   May    2, 1911

Gerbe discloses a bagging and filling machine employing a stack of bags, an enclosure for the stack, a bag support and plate member, and an air blast source. The stack is positioned and aligned by the enclosure around the three closed sides of the bags, and the support and *plate member cooperate to clamp the bags* at the open end. If the bags have no flaps extending from the bottom surface of each bag, the operator may free the

2. No. 3,044,233, July 17, 1962. According to the solicitor,

   As initially presented, appellant's claims 11–16 were said to correspond generally to Altman's claims 1, 2, 10, 13, 15 and 16, respectively. Appellant's subsequently presented claims 17 and 18 were said in turn to correspond to his own claims 11 and 13, respectively, except for calling the stack of bags an "assembly" rather than a "package."

top surface manually or this may be done automatically by a cam arrangement and a cooperating extending metal tab or finger. In either case the bottom surface is clamped fast. Alternatively, the top surface of the bags may be cut away slightly in the form of a curve generally conforming to the top plate, or tongue, in order "to free it," or at least sufficiently so that the plate and support clamp only a minimal portion of the top surface and all of the bottom surface of the bag at its open edge.

Hellman discloses an apparatus for filling envelopes or bags with piston rings after first opening them by means of an air blast. (The numbers here referred to appear in the board's opinion as quoted infra.) The bags are held vertically on a rod 16, slightly inclined from the horizontal, which passes through a hole in each flap and which terminates in a recessed portion of an opposing plate member 5. A follower plate 20 slides by gravity down the inclined rod, urging the bags toward the opposing plate 5, thereby producing a clamping action. The bag nearest the opposing plate 5 is opened by an air jet after which a piston ring drops from above, tearing the bag free from the support rod by ripping the flap, causing the bag to fall into a hopper. The bag is then sealed.

Rhoades discloses an apparatus for suspending a stack of paper bags in a vertical position, employing a piercing point which pierces the open end portions of some of the bags as they approach the position from which they are removed. A springloaded member urges the bags against the piercing point and back stop. The bags are constructed with a curved front edge surface so that the piercing point pierces only one side of the bag at the open end.

The board said:

The patent to Gerbe discloses a bagging and filling machine of the same general character as that disclosed by appellant. The essential issue with respect to patentability resides in a consideration of the difference in the means employed to hold a stack of bags. Appellant employs a plurality of pins which pass through openings in the stack of bags. Such pins are not disclosed in Gerbe. Gerbe relies on the clamping action and a stop member for holding the bags in position. The Examiner held that in view of Hellman and Rhoades it would not be patentable to modify the Gerbe apparatus to employ pins of the character claimed.

It is our opinion that the disclosure in the patent to Hellman showing the use of a pin for holding bags in position while the outermost bag is being opened by an air blast is sufficiently related to Gerbe's apparatus as to suggest the desirability of using pins for maintaining the Gerbe bags in position. In Hellman the relationship between the pin 16, the member 5 and the plate 20 which is urged toward the member 5 is functionally equivalent to the relationship between appellant's pins, the plate and the support. While the patent to Rhoades does not disclose the use of an air blast, it does disclose the use of a clamping pin for maintaining a plurality of bags in position while the uppermost bag is being opened and removed. We are of the opinion that the patents to Hellman and Rhoades would render obvious to one skilled in the art a modification of the Gerbe apparatus wherein pins would be provided passing through openings in the bag flaps in the manner claimed by appellant.

We agree with that analysis. Moreover, as we view this case, the principal difference between what is claimed and the prior art resides in the "at least one depending pin" of claims 1 and 3 and the "pin means" as described in the other claims, which are so worded as apparently to require at least two pins, as the bags have two holes through *all* of which the "pin means" extend.

Hellman is in the very same art and has "pin means," notwithstanding the fact he calls it a "rod." It extends through aligned holes in the bag flaps to hold

them against the air blast which opens them so that they may be individually filled, the bags being torn off of the pin just as are appellant's, when filled. We see no patentable distinction between a rod and a pin, that being a mere choice of terminology. Appellant could properly have called his pins short rods. Nor do we see anything unobvious in using two, if desired, instead of one. Hellman "aligned" his bags by hanging them by one centered hole. The pins in appellant's machine and the rod in Hellman perform the very same function—bag holding during air blast—almost in the very same way.

Further, we see nothing important in the change from a vertical to a horizontal position of the bags. The change requires only obvious mechanical adaptations such as substituting a spring to push up instead of a weight to slide down.

■ Appellant presents the usual argument that hindsight reconstruction has been employed by the examiner and the board. We disagree with that position. We think the proper way to apply the 103 obviousness test to a case like this is to first picture the inventor as working in his shop with the prior art references— which he is presumed to know—hanging on the walls around him. One then notes that what applicant Winslow built here he admits is basically a Gerbe bag holder having air-blast bag opening to which he has added two bag retaining pins. If there were any bag holding problem in the Gerbe machine when plastic bags were used, their flaps being gripped only by spring pressure between the top and bottom plates, Winslow would have said to himself, "Now what can I do to hold them more securely?" Looking around the walls, he would see Hellman's envelopes with holes in their flaps hung on a rod. He would then say to himself, "Ha! I can punch holes in my bags and put a little rod (pin) through the holes. That will hold them! After filling the bags, I'll pull them off the pins as does Hellman. Scoring the flap should make tearing easier."

■■ Thus does appellant make his claimed invention merely by applying knowledge clearly present in the prior art. Section 103 requires us to presume full knowledge by the inventor of the *prior* art in the field of his endeavor. We see no "hindsight reconstruction" here, but only selection and application by the examiner of very pertinent art. That is his duty.

The decision of the board is affirmed.

Affirmed.

WORLEY, C. J., concurs in the result.

SMITH, Judge (dissenting).

The issue phrased in the statutory language of section 103 is whether the differences between the invention claimed and the prior art are such that the invention as a whole would have been obvious to one of ordinary skill in the bagging and filling machine art at the time of appellant's invention.

The principal reference is Gerbe which discloses a bagging and filling machine employing a stack of bags, an enclosure, a bag support underlying a plate member, and an air blast source. The bags are roughly positioned in Gerbe by an enclosure around the closed end and two sides of the stack of bags. The bag support and plate member cooperate to clamp the open end of the bags. Gerbe discloses three alternatives to facilitate opening the bags. Where there is no flap extending from the bottom surface at the open end of the bag, the operator may free the top surface manually or this may be done automatically by a cam arrangement and a cooperating extending metal tab or finger. Alternately, the top surface of the bags may be cut away slightly in the form of a curve so that the plate member clamps only a minimal portion of the top surface and all of the bottom surface of the bag at the open edge.

Hellman discloses an apparatus for filling envelopes employing an air blast. The envelopes are held vertically by a

rod which passes through a hole in each envelope flap. The rod is inclined and a follower plate slides along the rod in descending fashion urging the envelopes towards an abutting surface causing a clamping action. The envelope is removed from the rod by tearing the flap portion from the hole to the flap edge.

Rhoades discloses an apparatus for holding a stack of bags in a vertical position employing a piercing point which pierces the open end portions of the bag. A spring loaded member urges the bags into the piercing point and back stop. The bags are constructed with a curved front edge surface so that the piercing point pierces only the bottom surface of the bag at the open end.

I agree with appellant's arguments concerning the deficiencies in each of the references and combinations of the references. Gerbe does not teach the concept of aligning pins extending from the plate member which cooperate with a flap having holes and perforated flap sections. Appellant's apparatus is clearly a simplified improvement over the Gerbe apparatus.

Similarly, Rhoades does not disclose alignment means and is no more than a simple wall device for hanging a number of bags within convenient reach. The bags are held by combining the action of the piercing point and friction. It need not be considered further.

The problem lies in determining what Gerbe in view of Hellman taught one of ordinary skill without the benefit of the after acquired knowledge of appellant's teaching. It is apparent that the rod-follower combination of Hellman requires the force of gravity to operate and will not work in a horizontal position. Further, without the reconstruction taught by appellant the combination of Gerbe and Hellman per se would be nonfunctional. What is required is that, as taught by appellant, only the rod concept of Hellman be extracted and that it then be incorporated into Gerbe. Further, the rod must be made into a pin and

then located on the clamping plate so as to extend downwardly therefrom. The concept of alignment, first disclosed by appellant, is not present in such a prior art combination. To meet this aspect, what is required is the incorporation of a double rod system, converted to pins, to provide two points of location. Only after this further modification can the sides and end boxing system of Gerbe be discarded. Only when all this is done do we finally realize an apparatus similar to that claimed by appellant.

What appellant discovered had not occurred to Gerbe, the most recent inventor of subject matter closest to that here claimed. I assume that the Gerbe device is operable. Appellant, however, points out several practical difficulties inherent in the Gerbe construction which appellant proposes to eliminate. The end stop in Gerbe requires a degree of longitudinal rigidity in the bags, lest they tend to crumple against it as the successive uppermost bags are removed. Gerbe thus found it necessary to bow the stack of bags by providing special edge supports to assure such rigidity. Also, the stop is not seen to be of any help in retaining an inflated bag. Since the frictional hold exerted by the tongue of the bag may not be great, it may well yield to a sliding force such as might be exerted by an operator's thumb on a repetitive basis. Thus, concern is justified that the air blast could blow the bag away before it could be filled. Also, in Gerbe the stack of bags is held by friction only. The success of the clamping action requires that each bag assert a frictional force against the next bag yet the top bag must be easily removed without upsetting the clamping action. The removal of the top bag may well cause several bags to follow thus upsetting the clamping action.

To say that a pin cooperating with aligning holes in a bag flap extension is the obvious answer to eliminating the drawbacks in Gerbe, is, I think, an unwarranted simplification which results only from hindsight reasoning. A com-

parison of the respective devices clearly indicates the differences between appel- lant's device and those of Hellman and Gerbe.

*Fig.1.*

**Hellman**

The problem as I see it is that the simplicity of appellant's device has obscured the unobvious merits of appellant's improvement over prior art devices. It is apparent from the above drawings that appellant's device clearly distinguishes itself from the prior art apparatus. All he has is a spring board, a clamping plate with pins, and an air funnel. The appealed claims to this structure are direct and uncomplicated. Appellant does not have a complicated structure from which he may create limitations for his claims in an effort to distinguish over prior art devices. Rather, his claims distinguish over the prior art by the absence of complicated structure; his claimed *invention* is simplicity itself in the art of opening and filling thermoplastic bags.

I would reverse the decision of the board.