54 CCPA
Application of Carl R. SIEBENTRITT, Jr.
Patent Appeal No. 7708.

United States Court of Customs
and Patent Appeals.
Feb. 23, 1967.

---

———◆———

Thomas J. Plante and Richard T. Seeger, Detroit, Mich., for appellant.

Joseph Schimmel, Washington, D. C. (Lutrelle F. Parker, Washington, D. C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, RICH, SMITH and ALMOND, Judges, and Judge WILLIAM H. KIRKPATRICK.[*]

RICH, Judge.

This appeal is from a decision of the Patent Office Board of Appeals,[1] affirming the rejection of claims 2 and 10–15 in application serial No. 14,240, filed March 11, 1960, entitled "Method of Forming Hermetic Seal." No claim has been allowed.

Appellant's invention is a method of joining two surfaces which includes the following steps:

1. Dispersing plastic particles in a "carrier solution," such as a "water solution," to form a suspension.

2. Coating at least one of the surfaces to be joined with the suspension.

3. Heating the coated surface to fuse the particles and bond them to the surface and then cooling them.

4. Placing the coated surface in abutting relationship to a second surface to be joined.

5. Heating the surfaces to fuse together the coating and the surface to be joined.

There are also various added minor limitations in the claims, none of which is urged as a basis of patentability.

The examiner relied on the following references:

| | | |
|---|---|---|
| Lasak | 2,697,058 | Dec. 14, 1954 |
| Hmiel | 2,898,233 | Aug. 4, 1959 |

Lasak teaches a method of joining a plastic surface and a metal surface in which the metal surface is first coated with a layer of plastic material by flame spraying. The plastic-coated metal surface and the plastic surface are then joined at a temperature sufficient to soften the plastic. The plastic is polyethylene, one of those named by appellant.

Hmiel discloses the coating of a metal surface with a polyethylene by a dispersion technique. The plastic is dispersed in a liquid medium and applied to the metal surface.

The claims were rejected by the examiner "as unpatentable over Lasak in view of Hmiel." He found it would be "obvious to substitute the metal coating step of Hmiel for the metal coating step of Lasak * * *." The board agreed. So do we.

Appellant concedes that Lasak discloses "in general * * * applicant's method with the major difference being in the manner in which the plastic coating is applied to the metal surface. In Lasak, the plastic surface is applied by flame spraying * * *." He also admits that "Hmiel shows the coating of a metal surface with a plastic in substantially the same manner as applicant applies his coating to the metal surface."

Appellant, then, does not dispute the examiner's analysis of the references. He argues, however, that his invention, which demands a substitution of the Hmiel method of coating for that of Lasak would not have been obvious to one of ordinary skill in the art inasmuch as there is *no suggestion* of the substitution in the references, by which he appears to mean no *express* suggestion. He especially urges the deficiency of the Hmiel patent in this regard:

> However, Hmiel applies his coating for entirely different purposes and lists a large number of applications including protective coating, electrical insulators, and lubricant surfaces but *does not mention or suggest* utilizing

[*] Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

[1.] Consisting of Rosa, Examiner-in-Chief, and Hull and Moseley, Acting Examiners-in-Chief, opinion by Hull.

this coating as a step in a *bonding* process. [Emphasis ours.]

 We see no need for explicit reference to a bonding process. The issue of obviousness is not determined by what the references expressly state but by what they would reasonably suggest to one of ordinary skill in the art. Hmiel clearly discloses flame spraying as among the prior art processes for the application of polyethylene coatings, for whatever purpose they may be desired. He discusses some of the difficulties associated with that technique. He then ends his analysis of the prior art with the comment:

> Heretofore, there has been no successful method for coating surfaces with linear polyethylene using a disperssion [sic] technique. I have discovered a novel coating process using a staple linear polyethylene dispersion which can be conveniently prepared at ambient temperatures, and which can be applied to surfaces to give an adherent, impermeable, continuous, flexible coating of high impact resistance. My dispersions can be used for coating an almost unlimited variety of surfaces by a method that obviates the difficulties faced by prior art workers.

In its context this statement seems to us to suggest the interchangeability of flame spraying and dispersion procedures, if not the superiority of the latter. We therefore attach no legal significance to the failure of Hmiel to indicate specific processes in which the flame spraying technique might be replaced. See In re Winslow, 365 F.2d 1017, 53 CCPA 1574.

The decision of the board is affirmed.

Affirmed.

SMITH, Judge (concurring).

The record shows that the Board of Appeals here consisted of an examiner-in-chief and two acting examiners-in-chief. Appellants do not challenge the legality of that board. I participate in the merits of this appeal for the reasons stated in my concurring opinion in In re Mindick, 371 F.2d 892, 54 CCPA ——; see also In re Wiechert, 310 F.2d 927, 54 CCPA ——. In so doing, I agree with the reasoning and conclusion of the majority.