**Application of Addison C. SHECKLER.**

**Patent Appeal No. 8422.**

United States Court of Customs
and Patent Appeals.

Feb. 25, 1971.

---

1. Appearing in application serial No. 591, 651, filed November 2, 1966 for "Insulated Masonry Blocks".

2. British specification 856,677, published December 21, 1960.

Francis P. Keiper, Syracuse, N. Y., James H. Littlepage, Washington, D. C., attorneys of record, for appellant.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents. Jere W. Sears, Washington, D. C., of counsel.

Before RICH, ALMOND, BALDWIN and LANE, Judges, and DAVIS, Judge, United States Court of Claims, sitting by designation.

DAVIS, Judge.

This appeal is from the decision of the Patent Office Board of Appeals affirming the examiner's rejection of claim 5 [1] under 35 U.S.C. § 103 as obvious in view of Barnes [2] considered with Dryden.[3]

3. U. S. Patent No. 2,449,458, issued September 14, 1948.

The invention relates to a masonry block structure. The conventional masonry block familiar to all consists of two flat, concrete layers separated by intervening concrete webs which form insulating air spaces between the two outer layers. In essence, appellant's block consists of a "sandwich" of two outer layers of load-bearing concrete and an intervening, coextensive layer or core of heat-insulating, polymeric foam material, such as polyurethane or polystyrene foam. Claim 5 reads:

5. A thermal insulation load supporting building block for wall construction comprising a composite block consisting of external and internal portions of solid load bearing non-reinforced concrete of substantially like lateral thickness, and an intervening portion of rigid light cellular heat insulating organic foam material having a substantially uniform lateral thickness at least as great as the thickness of said outer portions, said cellular portion being bonded to both of said outer portions over their entire contacting faces and completely separating said external and internal portions, and all of said portions being of substantially the same height and length, the exterior inner and outer surfaces of said block being concrete.

Barnes, the British patent, relates to "concrete structures, particularly to reinforced concrete beams and other concrete members" with an inner core "composed wholly or partly of a foamed polymeric material", such as foamed polystyrene or polyurethane. This core can comprise a "solid block" which "can be in a continuous length of the size appropriate to the beam or other member being constructed." Dryden, for its part, suggests a building block consisting of two layers of load-bearing glass material separated by a co-extensive inner layer of heat-insulating, foamed glass material, together with additional layers of foamed glass and veneer on the interior side of the block.

Considering the content of the prior art and the level of ordinary skill in the art as reflected by the references, the board states:

* * * We find in the British reference [Barnes] precedent for the use of cement and organic foam in the order recited and to the exclusion of other layers. To substitute such materials in the fabrication of the Dryden Building block does not appear to us to be more than a matter of obvious selection of materials for their known properties and uses. * * *

The board also held that it would be obvious to omit the two additional interior layers of foam and veneer of the Dryden structure.

We find no error in these determinations. The British patent teaches the juxtaposition, in a concrete member, of layers of concrete and organic foam material; while the stress is on a concrete beam with a hollow foam core, express mention is also made of "other concrete members" and of a "solid block" core "in a continuous length of the size appropriate to the beam or other member." Dryden, dealing with a glass building block, discloses co-extensive layers of material (glass)[4] and foam in a composite building block, with the foam useful for insulation against transfer of heat and sound. Together, these references make it obvious to one skilled in the field of concrete structures and building blocks to put together foam and concrete, in a composite building block, in the way taught by rejected claim 5.

██ While appellant urges that the rejection is sustainable only upon hindsight reconstruction of the prior art, we are not at all convinced that that is so. Like the board, we are persuaded that the differences in material or form between the subject matter claimed and

4. The preferred material is glass but "reference to the block as being of glass is not intended to exclude the use of other compatible components for special purposes, the basic characteristrics being still those imparted by the fact of using glass."

the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art. It is, of course, not necessary that either Barnes or Dryden actually suggest, expressly or in so many words, the changes or possible improvements appellant has made. In re Rosselet, 347 F.2d 847, 52 C.C.P.A. 1533 (1965); In re Rauen, 356 F.2d 125, 53 C.C.P.A. 937 (1966). All that is required to show obviousness is that the applicant "make his claimed invention merely by applying knowledge clearly present in the prior art. Section 103 requires us to presume full knowledge by the inventor of the *prior* art in the field of his endeavor." In re Winslow, 365 F.2d 1017, 1020, 53 C.C.P.A. 1574, 1578 (1966). Under that test, appellant fails. No commercial success is claimed, nor is any other factor indicating non-obviousness shown to exist.

The decision is affirmed.

Affirmed.