838 F.2d 1223
Unpublished Disposition
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Willy RAU and Christian Taus.
 No. 87-1222.
 United States Court of Appeals, Federal Circuit.
 Jan. 28, 1988.
 
 Before MARKEY, Chief Judge, BALDWIN, Senior Circuit Judge, and PAULINE NEWMAN, Circuit Judge.
 BALDWIN, Senior Circuit Judge.
 
 DECISION
 
 1
 The United States Patent and Trademark Office Board of Patent Appeals and Interferences (board) sustained the final rejection of claims 3-16, 18-19, 25-27, 36-42, and 44-48 of Willy Rau and Christian Taus' (appellants) patent application Serial No. 232,848, entitled "Power Take-Off Shaft Driven Ground Preparation Machine." We affirm.
 
 OPINION
 
 2
 The application relates to a tractor pulled soil working apparatus which includes fixed members for leveling soil over ruts left by the tractor wheels, a rotor tiller, a seed dispensing mechanism, a clod crushing roller and tines for raking the soil. Appellants assert that the design of the claimed multipurpose tilling machine is directed to overcoming disadvantages of working in wet soil.
 
 
 3
 Each of the claims on appeal were rejected as obvious over Lutz et al. (Lutz) as modified by a combination of numerous secondary references.* In sustaining the rejections, the board acknowledged seven distinctions between the claimed subject matter and the apparatus disclosed in Lutz. The board found, however, that Lutz teaches us commonplace the combining of multiple soil working implements into a common frame to be pulled by a vehicle for performing several tasks simultaneously. In light of the cited secondary references, the board affirmed the examiner's determination that the several modifications to Lutz would have been obvious, stating:
 
 
 4
 There is also a wide range of configurations of the soil breaking elements shown on the tillers of the prior art. Thus, when one of ordinary skill in the art designs a multipurpose tilling machine based upon existing technology as Lutz reveals frequently occurs, there exists a large variety of options within which to choose.
 
 
 5
 We disagree with appellants' assertion that the board erred in failing to consider whether there was, in the prior art, motivation or suggestion toward combining the references used in the examiner's rejections. What the prior art suggests to one of ordinary skill in the art need not arise as an explicit suggestion or motivation. Rather, the obviousness inquiry involves weighing the prior art to determine the contemporaneous knowledge available to one of ordinary skill in the art. All that is required to show obviousness is that the claimed invention would have been made obvious by applying knowledge clearly present in the prior art. In re Shekler, 438 F.2d 999, 168 USPQ 716, 717 (CCPA 1971); In re Winslow, 365 F.2d 1017, 1020, 151 USPQ 48, 50-51 (CCPA 1966).
 
 
 6
 Although appellants argue they have invented a "unique combination," referring apparently to the novelty of the combination, the burden was on appellants to rebut the board's position that this is an obvious combination of known elements. Appellants, in their briefs, refer to commercial success and advantages over prior devices, but no evidence thereof was before the examiner. Thus we affirm on the basis that the prima facie case of obviousness, based on the prior art, was not rebutted on the record before the board.
 
 
 
 *
 Claim 47, the single independent claim at issue was rejected as obvious on the basis of Lutz as the primary reference in view of a combination of fifteen other references, namely, Bedeschi, Shannon, Lely '156, Dreyer, Ksynkin, Riepe, Reynolds, Talbot, Lely '027, Traver, Lely '883, Raussendorff, Lely '024, Dial, Jr., and Granet. Further secondary references were relied upon for rejection of the other, dependent claims