NOBELL, INC., Plaintiff,

v.

SHARPER IMAGE CORPORATION and Nuvations, Inc., Defendant.

No. C89–1133–DLJ.

United States District Court, N.D. California.

Aug. 10, 1990.

Irving M. Weiner of I. Weiner & Associates, Novi, Mich., for plaintiff.

Neil A. Smith of Limbach, Limbach & Sutton, San Francisco, Cal., for defendant Sharper Image.

Noel M. Cook of Owen, Wickersham & Erickson, San Francisco, Cal., for defendant Pacific Orient Trading Corp. (d/b/a Nuvations).

## ORDER GRANTING
## SUMMARY JUDGMENT

JENSEN, District Judge.

The Court heard defendants' motion for summary judgment on May 23, 1990. Appearing for plaintiff was Irving M. Weiner

of I. Weiner & Associates. Appearing for defendant Sharper Image was Neil A. Smith of Limbach, Limbach & Sutton. Appearing for defendant Pacific Orient Trading Corp. (d/b/a/ Nuvations) was Noel M. Cook of Owen, Wickersham & Erickson.

After review of the briefs submitted by the parties, the oral argument of counsel, and the applicable legal standard, the Court finds that Patent No. 4,707,855 is not infringed, and therefore GRANTS defendants' motion and directs that judgment be entered for defendants.

## I.  FACTS

Plaintiff holds U.S. Patent No. 4,707,855 to Pasinski et al., issued November 17, 1987, on an apparatus including a figure similar to a mechanical toy which signals the ringing of a telephone by causing the figure to move and/or emit programmed sounds and lights. Defendants market a product known as the "QUACKY IV FONE" which is a telephone apparatus in the shape of a mallard decoy. The "QUACKY IV FONE" makes a quacking noise and moves its beak to signal an incoming call. The Complaint alleges that the beak-moving portion of the product infringes the '855 patent.

Defendant Pacific Orient Trading Corp. d/b/a/ Nuvations (hereafter "Nuvations") has filed a counterclaim for declaratory judgment that the '855 patent is void or is not infringed by the "QUACKY IV FONE." These allegations are identical to the grounds asserted for defendant Sharper Image's motion for summary judgment, in which defendant Nuvations joins. Defendants argue (1) that the '855 patent in invalid for obviousness; and/or (2) that the "QUACKY IV FONE" does not infringe because the quacking feature is not extrinsic to its associated telephone, as claimed in the '855 patent.

## II.  DISCUSSION

### A.  Standard for Summary Judgment

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted when "the pleadings, deposi-tions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the party is entitled to a judgment as a matter of law."

In a motion for summary judgment, "[i]f the party moving for summary judgment meets its initial burden of identifying for the court those portions of the materials on file that it believes demonstrates the absence of any genuine issues of material fact," the burden of production then shifts so that "the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, *specific facts* showing that there is a genuine issue for trial.'" *T.W. Electric Service, Inc. v. Pacific Elec. Contractors*, 809 F.2d 626, 630 (9th Cir.1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1983); *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103–04 (9th Cir.), *cert. denied*, 479 U.S. 949, 107 S.Ct. 435, 93 L.Ed.2d 384 (1986)) (emphasis in original).

Summary judgment may issue "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 106 S.Ct. at 2552. The standard for judging either a defendant's or plaintiff's motion for summary judgment is the same standard used to judge a motion for a directed verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

Summary judgment is appropriate in patent cases, as in other types of cases, where no issue of material fact is present. *Union Carbide Corp. v. American Can Co.*, 724 F.2d 1567, 1571 (Fed.Cir.1984).

### B.  Obviousness

No valid patent may be obtained on an invention, even though it is not identically

described in the prior art, "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art ...". 35 U.S.C. § 102.

■ While as a rule the defendant bears no additional burden by virtue of moving for summary judgment, a patent is presumed valid. The defendant, as the party asserting patent invalidity, carries the ultimate burden on the issue of invalidity. 35 U.S.C. § 282; *see Cable Elec. Prod. Inc. v. Genmark, Inc.*, 770 F.2d 1015, 1022–23 (Fed.Cir.1985). Therefore, defendant's evidence on summary judgment should establish a prima facie case for overcoming the presumption of validity. *Cable Elec.*, 770 F.2d at 1022–23.

Plaintiff then, as usual, has the burden of identifying specific facts which raise a genuine issue for trial. Thus, while the movant claiming invalidity has a greater than usual showing to make in support of summary judgment, the burden on opposition is not diminished—plaintiff must simply raise issues regarding the defendant's prima facie case for obviousness. *See id.* at 1023.

■ Defendant has established a prima facie case of obviousness. Where a patent is alleged to be invalid as anticipated from a combination of prior art references, the Court should determine whether the knowledge was clearly present in the relevant art and then whether the teachings of the references would have suggested the modification embodied in the challenged patent to those of ordinary skill in the art. *Cable Elec.*, 770 F.2d at 1025. "In evaluating obviousness, the hypothetical person of ordinary skill in the pertinent art is presumed to have the 'ability to select and utilize knowledge from other arts reasonably pertinent to [the] particular problem to which the claimed invention is directed.'" *Id.*, (citing *In re Antle*, 444 F.2d 1168, 1171–72 (Ct.Cl.1971)).

■ Defendants have pointed to two patents which they assert, viewed in combination, would render the '855 patent obvious: U.S. Patent No. 1,804,265 to Minick, issued May 5, 1931 (hereinafter "Minick"), and U.S. Patent, No. 4,480,153 to Festa, issued Oct. 30, 1984 (hereinafter "Festa").

Minick discloses a moving toy which is set in motion by the electrical current delivered to a receiving apparatus such as a radio receiver. It does contain a suggestion that the electrical current delivered to a telephone receiver could also be used. However, the Minick patent, issued in 1931, does not describe a mechanism that is coordinated to the ringing of the telephone: specifically, the invention has no means for terminating the mechanical movement, once the telephone bell cuts off. The lack of this feature renders the Minick device inutile for the problem addressed by the '855 patent. One of the claimed features of the '855 patent is a cutoff of the device's movement and sound and light production when the telephone receiver is picked up or the caller hangs up.

Festa demonstrates a device which replaces a telephone ringer with a musical or animal-sound noise. Festa teaches an apparatus connected to the telephone outlet which uses the signalling current to activate an external musical device including a speaker. This musical device then plays the pre-selected tune, and stops when the telephone is answered or the caller hangs up.

Defendants also call the Court's attention to an article from an October 1983 issue of *Technology Illustrated,* showing the original "QUACKY FONE," a predecessor to the "QUACKY IV FONE," which was cast solid and lacked the moving beak. This reference was published approximately 18 months prior to the filing of the application which matured into the '855 patent, and was cited by the patent examiner. Like Festa, this original QUACKY FONE demonstrated a telephone which replaced the ringer with a "quacking" noise simulating a duck sound. Unlike Festa, the original QUACKY FONE had no means for an independent device connected to the telephone outlet; rather, the telephone's inter-

nal ringer device was simply replaced with a device making the appropriate sound.

▪ The combination of Minick and Festa establishes defendants' prima facie case of obviousness; i.e., one of ordinary skill in the art might think of adapting Minick for use with a telephone and create a device parallel to Festa's. In opposition to this prima facie case, plaintiff's expert has declared that the Minick device as disclosed is inoperable. Affidavit of J.P. Neil at ¶ 10. Specifically, Neil declares that Minick fails to provide sufficient electrical power from a telephone circuit to drive the device. Because the objective of Festa is to power a digital musical circuit, which may draw less power than a mechanical device, the record supports an inference that it is unlikely that simply applying the Festa circuitry to the Minick conception would produce a successful moving and sounding toy.

▪ Declarations of experts in opposition to summary judgment may raise issues of fact even though they carry no weight on the ultimate legal conclusion of obviousness. *Cable Elec.*, 770 F.2d at 1025. Neil's analysis that the Minick patent is inoperable is adequate to raise an issue of fact as to whether a combination of the prior references without additional invention would result in a successful equivalent of the '855 device. Therefore, summary judgment on the grounds of obviousness is not appropriate.

### C. Infringement

▪ The '855 invention is extrinsic to its telephone and does not affect telephone's integral sounding device. '855 Patent at 3:21–26. Therefore, a telephone shaped like a duck which makes a quacking noise instead of a ring through its own internal sounding device does not infringe.[1] The only colorable claim of infringement, therefore, lies in the device that moves the duck's beak in response to the telephone signal. Specifically, plaintiff's allegation of infringement must ultimately rest on a showing that the "QUACKY IV FONE"

---

**1.** Of course, such a device is the original, nonmoving QUACKY FONE, which was part of the prior art to the '855 patent. Thus, as a matter of

beak-moving device is equivalent to that disclosed in the '855 patent and different from that employed in the original "QUACKY FONE."

Defendant need make no prima facie case on the issue of non-infringement, and has asserted on summary judgment that the QUACKY IV does not infringe because it contains no extrinsic signalling device. Plaintiff's expert declares that he has examined the QUACKY IV and that it does contain an extrinsic signalling device. Neil Affidavit ¶ 12. At the hearing, however, counsel for defendant Sharper Image demonstrated to the Court that the signalling device that moves the "QUACKY IV FONE" beak is integral to the telephone portion of the device, just as the signalling device in the original "QUACKY FONE" was. Even viewed in the light most favorable to plaintiff, there is no competent evidence of record that the "QUACKY IV FONE" moves the beak through a different device than that which signalled the ringer sound in the original, concededly noninfringing, "QUACKY FONE."

▪ While the Court does not weigh credibility of evidence submitted on a motion for summary judgment, plaintiff has the burden to raise issues of fact going to its ability to prove infringement. The conclusion of plaintiff's expert—which are unsupported by specific factual assertions or other evidence—that the challenged device contains the crucial infringing element seems to raise merely a semantic argument insufficient to satisfy plaintiff's burden at this juncture.

Therefore, plaintiff has failed to raise an issue of fact going to its allegation of infringement, and summary judgment on that ground is hereby GRANTED to defendants.

### III. CONCLUSION

For the foregoing reasons, the Court finds that the "QUACKY IV FONE" does not infringe U.S. Patent No. 4,707,855.

---

law the original, nonmoving QUACKY FONE cannot be found to infringe.

Therefore, the Court hereby GRANTS defendants' motion for summary judgment and directs that judgment in favor of defendants be entered on the Complaint and the Counterclaim.

IT IS SO ORDERED.