11 F.3d 1069
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Fred J. GENTILE.
 No. 93-1086.
 United States Court of Appeals, Federal Circuit.
 Oct. 5, 1993.
Rehearing Denied Nov. 18, 1993.
 
 Before NEWMAN, MICHEL and SCHALL, Circuit Judges.
 DECISION
 MICHEL, Circuit Judge.
 
 
 1
 Fred J. Gentile appeals from the August 10, 1992 decision of the Patent and Trademark Office (PTO) Board of Patent Appeals and Interferences (Board), Appeal No. 91-1075, denying reconsideration of its decision affirming the examiner's rejection of claims 2 through 7 in patent application Ser. No. 07/294,212 filed January 9, 1989, entitled "Long Reach Pliers." We affirm.
 
 DISCUSSION
 
 2
 Appellant's invention relates to a tool for use upon objects in hard to reach locations, in particular the gripping, turning, or cutting of such objects. The invention comprises a pliers having elongated jaw portions to facilitate its use in otherwise inaccessible locations, and having additional features such as knife edges for cutting, opposing recesses for gripping bolts, and a rib and ears which engage to prevent lateral displacement of the jaws upon closure.
 
 
 3
 The examiner rejected claims 2 and 4 under 35 U.S.C. Sec. 103 as unpatentably obvious over Sundstrand, U.S. Patent No. 2,600,445, in view of McKaig, U.S. Patent No. 1,116,093. The examiner determined that the pliers of Sundstrand, having elongated jaw members for grasping a fish hook within a fish, correspond to the claimed subject matter except for the opposing recess, set forth in claim 2, and the pair of knife edges, set forth in claim 4. The examiner noted that such features are common for pliers as taught by McKaig and considered that the teachings of McKaig would have made it obvious to provide the recesses and knife edges set forth respectively in claims 2 and 4 for the pliers of Sundstrand.
 
 
 4
 Claims 3, 5, 6 and 7 were rejected by the examiner under 35 U.S.C. Sec. 103 as being unpatentably obvious over Sundstrand in view of McKaig, as applied in the rejection of claims 2 and 4, and further in view of Whitton, U.S. Patent No. 3,140,715. The examiner considered that the teachings of Whitton relating to a forceps having a pair of ears on one jaw member which engage a rib on the other jaw member for preventing lateral displacement of the jaws upon closure would have made it obvious to provide such arrangement to the elongated jaws of Sundstrand.
 
 
 5
 On appeal to the Board, appellant argued that the prior art references upon which the examiner's rejections were based were improperly cited because they were not from an art analogous to that of the invention, and further, that if such references were properly cited, the inventions defined in claims 2 through 7 were not obvious therefrom. The Board found that the cited art was analogous and affirmed the examiner's Sec. 103 rejections. On request for reconsideration, the Board reaffirmed its finding that the Whitton patent was analogous art.
 
 
 6
 Appellant argues first that the Board's finding that the cited prior art references were analogous art is clearly erroneous. We do not agree.
 
 
 7
 A determination whether a reference is analogous prior art is a question of fact. Panduit Corp. v. Dennison Mfg. Co., 810 F.2d 1561, 1568, 1 USPQ2d 1593, 1597 (Fed.Cir.1987). In determining the scope of the prior art under 35 U.S.C. Sec. 103, it is presumed that an inventor of ordinary skill has full knowledge of all prior art in the field of his endeavor. In re Wood, 599 F.2d 1032, 1036, 202 USPQ 171, 174 (CCPA 1979). In addition, those of ordinary skill in the art may be presumed to have knowledge of arts "reasonably pertinent to the particular problem with which the inventor was involved." In re Antele, 444 F.2d 1168, 1171, 170 USPQ 285, 287 (CCPA 1971). However, hindsight should be avoided so that the prior art is not gathered with the claimed invention in mind. Id.
 
 
 8
 The Board found the field of the claimed invention to be "tools for use upon objects in hard to reach locations," as is stated in the paragraph of the application's specification entitled "Field:. " The Board further found that each of the tools in the prior art references in question is designed to grip objects and is inherently capable of reaching objects in hard to reach places. Specifically, the Board found that the Sundstrand pliers are useful for "a wide variety of jobs where other pliers are commonly used," as is disclosed in the Sundstrand specification, and the Whitton forceps are "a gripping tool having long jaws." Similarly, the Board found that McKaig discloses common pliers featuring opposing recesses for gripping and knife edges for cutting.
 
 
 9
 The appellant argues that the field of endeavor of the present invention is limited to machinery maintenance and repair, and that as the cited references are not particularly directed to such an application, they are outside of the field of the invention. However, nothing aside from pure conjecture is provided to support this argument. Based on the facts before us, we cannot conclude the Board's finding that the referenced prior art was within the inventor's field of endeavor to be clearly erroneous. Accordingly, we need not address appellant's argument that the prior art references are not reasonably pertinent to the problem with which the inventor was faced.
 
 
 10
 Appellant argues further that even if the prior art references were properly cited, the claimed inventions were not obvious from their teachings. We do not agree.
 
 
 11
 The Board found that each limitation of the claimed inventions, with the exception of the jaw length to diameter ratio, was taught by a prior art reference. Specifically, the use of long jaw members in pliers to provide access to hard to reach places is taught by Sundstrand. With respect to claims 2 and 4, the use in pliers of opposing recesses for gripping of objects, as well as the use of knife edges for cutting, is taught by McKaig. Similarly, with respect to claims 3 and 5 through 7, the use of engaging members to provide lateral stability as between the two relatively long opposing jaws upon closure of the jaws about an object to be grasped is taught by Whitton. The Board therefore concluded that the solutions to the particular problems which faced the inventor are clearly present in the prior art in his very field of invention, and as such, the claimed inventions are prima facie obvious to one skilled in the art.[1] We discern no error in the Board's conclusion.
 
 
 12
 With respect to the limitation of the ratio of the jaw member length to the diameter, which is present in each claim at issue, the Board found that the specification contained no disclosure of either the critical nature of the claimed dimensions or any unexpected results arising therefrom, and that as such the ratio was arbitrary and therefore obvious. We agree that such unsupported limitations cannot be a basis for patentability, since where patentability is said to be based upon particular chosen dimensions or upon another variable recited in a claim, the applicant must show that the chosen dimensions are critical. In re Woodruff, 919 F.2d 1575, 1578, 16 USPQ2d 1934, 1936 (Fed.Cir.1990).
 
 
 13
 Based on the foregoing findings, and the absence of any contradictory showing by appellant, we conclude that the teachings of the prior art as a whole render the claimed subject matter obvious, and the Board's decision is therefore affirmed.
 
 
 
 [1]
 As the Board made no specific finding as to the level of ordinary skill in the art, we assume it to be that of a mechanic of ordinary skill. "[A]n invention may be held to have been either obvious (or nonobvious) without a specific finding of a particular level of skill ... where, as here, the prior art itself reflects an appropriate level...." Chore-Time Equipment v. Cumberland, 713 F.2d 774, 779, n. 2, 218 USPQ 673, 676, n. 2 (Fed.Cir1983)