58 CCPA

### Application of Raymond J. HELDT.
### Patent Appeal No. 8312.

United States Court of Customs and Patent Appeals.

Nov. 25, 1970.

Robert L. Harmon, David A. Anderson, Hume, Clement, Hume & Lee, Chicago, Ill., attorneys of record, for appellant.

S. Wm. Cochran, Washington, D. C., for Commissioner of Patents. Joseph F. Nakamura, R. V. Lupo, Washington, D. C., of counsel.

Before RICH, ALMOND, BALDWIN and LANE, Judges, and McMANUS, Judge, Northern District of Iowa, sitting by designation.

BALDWIN, Judge.

Heldt appeals from the decision of the Patent Office Board of Appeals, adhered to on reconsideration, which affirmed the rejection of both claims in his application [1] as obvious over the prior art under 35 U.S.C. § 103.

### The Invention

The invention before the court consists of an elongated, hollow tube, designed to be placed within a golf bag, in number corresponding to the number of golf clubs to be carried in the bag, so as to receive the grip and shaft portions of each club and thereby segregate the clubs from each other. Such storage tubes, it is said, not only facilitate insertion and withdrawal of the clubs into and from the bag, but also minimize the wear, imparted, particularly to the grip portion of the clubs.

Appellant's specification acknowledges that the use of such storage tubes is not novel and mentions their general advantages, but also points out that it would be of some value to reinforce the structure of the tubes so that they "do not become easily deformed so as to inhibit the insertion of clubs therein or the withdrawal of clubs therefrom." [2] Ap-

---

1. Serial No. 541,390, entitled "Golf Bag Accessory", filed April 8, 1966, as a continuation of an earlier-filed application.

2. This point is expanded upon by appellant in his brief as follows:

> Consider the stresses to which such a tube is exposed: The angry golfer, having topped his drive, jams the club forcefully into the tube. He jounces his cart about the course, rattling clubs

pellant produces this reinforcement by providing the storage tube with reinforcing rings made with their inside diameter slightly larger than the outer diameter of the storage tube and located at the tube ends, being confined there by outwardly curling the end portion of the tube to overlap around the rings. The claimed invention is illustrated thusly:

[A3040]

The broader of appellant's two claims, claim 1, recites the ring-reinforced tube substantially as described above. Claim 2 provides that the tubular member is "formed of an extruded polyethylene", and that the reinforcing rings are "metallic".

and tubes together with every bump. His round over, he places his bag on its side in the trunk of his car, with the full weight of the uppermost clubs bearing on the end portions of the lowermost tubes. The natural consequence, after all too short a time: either actual rupture or tearing of the tube end, or deformation serious enough to prevent or retard insertion of clubs.

## The Rejection

Claim 1 was rejected as being unpatentable over Upham[3] in view of Thorsby[4] under 35 U.S.C. § 103. Claim 2 was rejected over the same two references further in view of Branscum.[5]

The Upham patent is drawn to a golf club carrying device made up of a number of elongated "plastic" tubes attached to a wheeled cart as shown here:

FIG.I

[A3039]

While Upham's several drawings apparently show the tubes as having a reinforced upper end, no detail of this reinforcement is provided.

The Thorsby reference describes a corrugated, sheet metal culvert, or drain pipe, with its ends structurally rein-

3. U. S. Patent 3,164,393, issued January 5, 1965, on an application filed July 30, 1962.

4. U. S. Patent 1,017,347, issued February 13, 1912.

5. U. S. Patent 3,182,108, issued May 4, 1965, on an application filed January 14, 1963.

forced by outwardly curling the edges to form a channel and seating a circular "rod" within the channel. Figure 1 from the patent is reproduced here:

Fig. 1

[A3038]

The examiner took the position that "[i]t would be obvious to reinforce the ends of Upham's golf club storage tube 48 by using split rings and reversely curled terminal tube ends as taught by Thorsby." With regard to claim 2, the examiner also thought it "obvious to make Upham's plastic tube 48 out of extruded polyethylene as taught by Branscum." (Branscum discloses a method and apparatus for extruding polyethylene tubing). This rejection was upheld by the board in the following language:

> It is elementary practice to reinforce materials or structures which have been found weak for their intended purpose and it has been repeatedly held by the Courts and the Board that the provision of reinforcing means is ordinarily a matter within the routine judgment of persons having ordinary skill in the particular art involved.

## OPINION

### The Issues Defined

The ultimate issue before us is, of course, whether appellant's claims are obvious within the meaning of 35 U.S.C. § 103. As in every case involving a rejection under section 103, however, this does not mean that we are concerned with a *subjective* determination of what is obvious or what is not. Rather, the function of this court and of the adjudicative bodies within the Patent Office is to evaluate all the evidence pertaining to the relative merits of the subject matter claimed against one *objective* legal standard, i. e., the level of ordinary skill in the art to which the subject matter pertains at the time the invention was made, and to draw from that evaluation the answer to the ultimate legal question: whether the claimed subject matter would have been obvious to one possessing such level of ordinary skill.

We view the examiner's initial rejection here, since it was based solely on *his* evaluation of facts which *he* had found (evidently largely drawn from the cited prior art references), as having the legal status of a prima facie determination of obviousness. As such, it is not only subject to attack (as being insufficiently supported by the facts he relied on or for being premised on incorrect or illogical reasoning), but also subject to rebuttal (by a showing of facts supporting the opposite conclusion.) Appellant's position may be separated into these two aspects. On the one hand, appellant has attacked the validity of the prima facie determination with the assertion that the Thorsby patent belongs to a non-analogous art and its disclosure is therefore not legally available for combination with the other cited references. At the same time, he has submitted evidence of his own, by way of affidavit, contending that the showing therein rebuts any initial conclusion that the claimed subject matter would have been obvious to one of ordinary skill in the art. These contentions were both rejected by the Board of Appeals and now form the basis for this appeal.

### The Propriety of the Initial Rejection

The thrust of appellant's attack is directed at the pertinency of the Thorsby patent disclosure as an element to be considered in evaluating the obviousness of what he has claimed. He argues that the Patent Office committed error in "considering the 'art' here as that of *reinforcing structures* rather than man-

ufacturing golf club storage tubes, or, more broadly, golf accessories." One skilled in "the golf club storage tube art", it is asserted, would never have been led to the Thorsby reference as a solution to the problems that plagued that art. We are unable to accept this argument.

■ Appellant's chagrin at having a reference directed to sewage disposal cited against his invention is understandable. Nevertheless, we think it is premised on an inaccurate analysis of the issue involved. It is our view that appellant's invention must not be considered so narrowly but should be regarded as the provision of a particular structural reinforcing means to a particular tubular structure. The basic structure involved is a simple one, a thin-walled, plastic tube. The problem to be solved was also a relatively simple one and was readily recognizable. Under these circumstances we cannot hold that one attempting to solve that problem would necessarily be limited to a study of other golf club storage tubes or golf accessories in general for obvious solutions. We find it not unreasonable in cases such as this, involving relatively simple everyday-type mechanical concepts, to permit inquiry into other areas where one of even limited technical skill would be aware that similar problems exist. Here, we believe the problem is readily discernible as being inherent in all thin-walled tubes whose ends might be subject to impact. Several solutions to this common problem are immediately apparent. One would be to increase the thickness of the tube material at the tube ends. Another might be the provision of a metallic rim around the edges of the tube ends, such as is used to reinforce cardboard tubes for mailing or otherwise handling documents (e. g. diplomas). Appellant's solution here seems to be nothing more than a modification of these two suggestions which utilizes the plastic, or deformable nature of the tube material. We take the Thorsby reference to have been cited merely to show the same solution to the same problem with a different thin-walled tube. The disclosure therein was properly combined with the other references.

*Appellant's Rebuttal Evidence*

■ We find ourselves also obliged to hold that the evidence appellant submitted to show unobviousness was insufficient to overcome the examiner's initial determination. It is unfortunate that the examiner couched his consideration of appellant's affidavits in terms of their not being evidence of non-obviousness (which they, of course, were) and their having no bearing since patentability was not in doubt (which of course, was his subjective conclusion). Appellant argues that this approach was approved by the board, but we conclude that the board properly treated the affidavits.

On their merits, two of the affidavits purport to be from workers having skill in the pertinent art, i. e., the golf accessories art. The two affiants were "buyers" for major sporting goods dealers. The affidavits state, in effect, that these affiants were aware of the problem solved by appellant and of previous attempts at solving such problem and that appellant's invention would not have been obvious to them. The evidentiary value of these affidavits is not significant in the broader concept of what we have decided should be considered as the pertinent art here.

The third affidavit deals with alleged commercial success. While such affidavits are, indeed, relevant, they can only be given effect when it is positively clear from the facts presented therein that the commercial success asserted was the direct result of the unique characteristics of the claimed invention and not due to other causes. Appellant's third affidavit, while it does indicate a four-fold increase in sales following the introduction of the reinforced tubes, does not give the time period between the two sales figures listed, nor any indication that the higher figure was not due to other factors, e. g., increased price of the article or a general market increase. Suffice it to say that we agree with the

board that the evidence provided by these affidavits does not outweigh the prima facie case of obviousness made out by the references.

The board's decision is affirmed.

Affirmed.

RICH, Judge (concurring).

I concur in the result.

The statutory prerequisite to patentability involved here is *unobviousness*, to one of ordinary skill in the art, at the time the invention was made. 35 U.S.C. § 103. The statute says nothing about the "relative merits" of the invention. Moreover, I do not know to what the merits are supposed to be "relative." We have ruled that an invention does not have to be "better" to be patentable.[1] Relative to the prior art, and considering the ordinary skill of the art, what we consider is not "merits" but differences and the unobviousness of the invention as a whole taking those differences into account. The "legal standard" is *unobviousness*. The level of skill is not a standard, it is, in conjunction with the prior art, the base against which unobviousness is measured.

---

1. In re Ratti, 270 F.2d 810, 46 CCPA 976 (1959).