**In re John R. FRITCH.**

**No. 91–1318.**

United States Court of Appeals, Federal Circuit.

Aug. 11, 1992.

---

Charles L. Gholz, Oblon, Spivak, McClelland, Maier & Neustadt, Arlington, Va., argued, for appellant. John R. Fritch, Corpus Christi, Tex., was on the brief.

Jameson Lee, Associate Sol., Arlington, Va., argued, for appellee. With him on the brief was Fred E. McKelvey, Sol. Of counsel was Richard E. Schafer.

Before PLAGER, Circuit Judge, SMITH, Senior Circuit Judge, and RADER, Circuit Judge.

EDWARD S. SMITH, Senior Circuit Judge.

John R. Fritch (Fritch) appeals the 27 February 1991 decision of the Patent and Trademark Office Board of Patent Appeals and Interferences (Board) affirming-in-part the Examiner's final rejection of the remaining claims in Fritch's application entitled Landscape Edging Apparatus and Method.[1] The Examiner concluded that Fritch's invention would have been obvious to one of ordinary skill in the art and was therefore unpatentable under 35 U.S.C. § 103. The Board, except for allowing claim 28, agreed. The Board's decision is reversed.

## Issue

The issue is whether the Board erred in affirming the Examiner's determination that the prior art references of Wilson and Hendrix rendered the subject matter of Fritch's independent claims 1, 13, 24, and 29 obvious to one of ordinary skill in the art.

## Background

In his final rejection, the Examiner rejected claims 1–24 and 27–30 of Fritch's application as unpatentable for obviousness under 35 U.S.C. § 103. Fritch appealed the final rejection to the Board. The Board affirmed the rejection as to claims 1–24, 29 and 30, entered a new ground of rejection for claim 27, and reversed as to claim 28. The Board agreed with the Examiner that the teachings of the Wilson and Hendrix patents rendered the subject matter of independent claims 1, 13, 24, and 29 obvious to one of ordinary skill in the art. Fritch does not appeal the Board's disposition as to claims 27 and 28, and at oral argument withdrew the appeal as to claim 8. The claims remaining in this appeal are 1–7, 9–24, 29 and 30.

## The Fritch Invention

The invention claimed by Fritch involves a landscape edging device which includes a planar base portion and an upwardly extending retainer portion. The base portion is elongate, thin, flexible and has a planar bottom surface conformable to a varying slope ground surface. One longitudinal

---

1. Serial No. 06/838,721.

edge of the base portion serves as a mowing strip and the other serves as a retaining flange for landscape fill. The upwardly extending retainer portion is integrally connected (e.g., fused) to the base portion and defines a longitudinally extending enclosed space. The Fritch invention is intended to be used as a retainer for landscape fill in order to separate unmowable landscape fill from the mowable lawn. It may also be used to secure a landscaping sheet to the ground, or to function as guards at the base of a fence. Independent claims 1 and 13 on appeal are representative of the subject matter claimed:

1. A landscape edging strip formed in its entirety of a thin gauge, flexible material and conformable to a ground surface of varying slope, comprising a continuous elongate, thin gauge, flexible base portion having a planar bottom surface conformable to said varying slope ground surface; a thin gauge, elongate retainer portion integral with said base portion and extending upwardly therefrom and transversely thereover to overlie a portion of said base portion; all of said retainer portion defining a longitudinally extending enclosed space; said retainer portion being integrally connected to said base portion adjacent one longitudinal edge of said base portion to define a mowing strip adjacent the other longitudinal edge of said base portion.

\*    \*    \*    \*    \*    \*

13. A landscape edging strip formed in its entirety from thin gauge, flexible material and conformable to a ground surface of varying slope, comprising a continuous elongate, thin gauge, flexible base portion having a planar bottom surface conformable to said varying slope ground surface; a thin gauge, elongate retainer portion integral with said base portion and extending upwardly therefrom and transversely thereover to overlie a portion of said base portion; all of said retainer portion defining a longitudinally extending enclosed space; said retainer portion being integrally connected to said base portion at a transverse location between the longitudinal edges of said base portion, thereby defining a longitudinally extending retaining flange on one side of said retainer portion and a mowing strip on the other side of said retainer portion.

\*    \*    \*    \*    \*    \*

The critical language in Fritch's independent claims is that the device is to be, in its entirety, both flexible and "conformable to a ground surface of varying slope". These limitations, although located in the claims' preambles, "are necessary to give meaning to the claim[s] and properly define the invention".[2] Figure 1 from Fritch's drawings is reproduced below:

FIG. 1

**2.** *Perkin Elmer Corp. v. Computervision Corp.,* 732 F.2d 888, 896, 221 USPQ 669, 675 (Fed.Cir. 1984).

*The Prior Art*

#### a. The Wilson Patent

The Wilson patent relied upon by the Examiner and the Board is entitled "Grass Edging and Watering Device".[3] The embodiment of the Wilson device includes a substantially flat mowing strip extending horizontally from a longitudinally extending body portion. Opposite the mowing strip is a scored flange which may be broken off when not needed or wanted. Between the mowing strip and the flange, and extending vertically from the body portion is an anchoring leg. Located above the anchoring leg is the body portion which contains a water conduit and sprinkler head assembly. The device is intended to be used adjacent to the borders of walks and plant beds. Figures 1 and 4 from Wilson's drawings are reproduced below:

#### b. The Hendrix Patent

The Hendrix patent is entitled "Loose Material Retainer Strip".[4] The Solicitor chose not to discuss the Hendrix reference in his brief, stating that the Board had deemed Hendrix unnecessary to its decision. The Solicitor overstates the Board's position. The Board based its decision upon "a collective evaluation of the Wilson and Hendrix patents". We include Hendrix in our discussion because it did play a role in the rejection of Fritch's independent claims.

The Hendrix device is composed of elongated, flexible strips having substantially C-shaped cross-section. The bottom lip of the device is to be wider than the top lip in order to facilitate fastening the device to the ground. The device will fit most gentle contours, and the top lip will yield laterally to build-up of gravel until the gravel can be redistributed. The concave portion of the strip is installed such that it faces the material to be retained in place. Hendrix contemplates that the retainer will be used

---

3. U.S. Patent No. 3,485,449.

4. U.S. Patent No. 4,349,596.

in retaining gravel in driveways, lining flower beds, or on the shoulders of asphalt or concrete highways. Figure 1 of Hendrix's drawings is reproduced below:

*Fig. 1*

## Standard of Review

"[O]bviousness is a question of law to be determined from the facts."[5] The obviousness determination "is based upon underlying factual inquiries concerning the claimed invention and the prior art" which are reviewed for clear error.[6] However, it is the ultimate conclusion of obviousness which the Federal Circuit reviews as a matter of law.[7]

## Teachings of Wilson

Fritch takes exception to the Examiner's findings of fact related to the teachings of the Wilson patent. The Examiner's rejection and the Board's opinion rely heavily on the use of Wilson in view of other references to declare the Fritch invention obvious. The Board states that it agrees with the Examiner's finding of fact regarding the teachings of Wilson. In the Examiner's answer, which the Board quotes, the Wilson device is described as follows:

> Wilson discloses a landscaping edging strip comprising a relatively thin gauge, elongated flexible base portion including a mower strip B having a planar bottom surface conformable to a varying slope surface.

The Board states that the Wilson reference presents "substantial evidence that Wilson is both thin and flexible." The Board regards the Wilson device as teaching that it is flexible and conformable in its entirety. This finding demonstrates clear error.

It is well settled that a prior art reference is relevant for all that it teaches to those of ordinary skill in the art.[8] The base portion of Wilson is not planar in its

**5.** *In re De Blauwe,* 736 F.2d 699, 703, 222 USPQ 191, 195 (Fed.Cir.1984).

**6.** *In re Kulling,* 897 F.2d 1147, 1149, 14 USPQ2d 1056, 1057 (Fed.Cir.1990).

**7.** *In re De Blauwe,* 736 F.2d at 703, 222 USPQ at 195.

**8.** *Beckman Instruments Inc. v. LKB Produkter AB,* 892 F.2d 1547, 1551, 13 USPQ2d 1301, 1304 (Fed.Cir.1989).

entirety, as the Board's opinion suggests, but also includes a prominent anchoring leg to secure the device to the ground. · The anchoring leg, which runs the length of the Wilson device, would inhibit longitudinal flexibility of the Wilson device. Indeed, Wilson expressly contemplates flexibility and conformability *only* in the mower strip. Wilson states that its mower strip may be lifted in order to pack dirt thereunder for the purpose of securing the device to the ground. Fritch, on the other hand, is claimed to be flexible in its entirety. The Board's holding that Wilson is flexible in its entirety is based upon a misapprehension of the scope of Wilson's teachings.

Second, Wilson's anchoring leg prohibits conformability to the ground surface in the manner claimed by Fritch. The Examiner's description of Wilson as having a "planar bottom surface conformable to a varying slope surface" is applicable *only* in reference to the mower strip. This description, however, ignores the anchor leg and the fact that it must be placed *into* the ground. Wilson expressly teaches that the anchoring leg may be pushed into soft soils, but in harder terrain a trench is needed in order to place the Wilson sprinkler system. In order to install the Wilson apparatus, the ground surface must be altered to conform to the device rather than, as the Solicitor contends, that Wilson is freely conformable to the ground. Fritch, on the other hand, does not require such extensive alteration of the ground surface in order to install the device.

### Prima Facie Obviousness

■ In proceedings before the Patent and Trademark Office, the Examiner bears the burden of establishing a prima facie case of obviousness based upon the prior art.[9] "[The Examiner] can satisfy this burden only by showing some objective teaching in the prior art or that knowledge generally available to one of ordinary skill in

the art would lead that individual to combine the relevant teachings of the references."[10] The patent applicant may then attack the Examiner's prima facie determination as improperly made out, or the applicant may present objective evidence tending to support a conclusion of nonobviousness.[11]

■ Fritch has attacked the Board's finding that the Examiner established that Fritch's claimed invention was prima facie obvious in view of the teachings of the prior art. The Board states that "a collective evaluation of the Wilson and the Hendrix patents would have rendered the subject matter of independent claims 1, 13, 24, and 29 obvious to one of ordinary skill." Fritch maintains that there is no teaching, suggestion, or incentive in the prior art to modify or to combine the teachings of the prior art in the manner suggested by the Examiner. We agree.

Wilson teaches a grass edging and watering device which includes an anchoring leg for securing the device to the ground. Wilson contemplates that a trench will need to be dug in order to allow the anchoring leg to be placed into the ground if the condition of the soil requires it. This anchoring leg prohibits flexibility and conformability over the length of Wilson. Any flexibility or conformability in Wilson, which the Board states extends to the entire device, is limited to the mower strip. It is only the mower strip that is mentioned as being flexible in order to aid installation. Hendrix has been cited for its teaching of a flexible retainer strip that is able to conform to the ground surface.

Wilson addresses the problems of arresting growth of grass between areas and watering plants without wetting sidewalks. Wilson lacks any suggestion or incentive to use its water conduit as a landscape retainer since this would arguably result in clogged sprinkler heads.[12] Wilson also

**9.** *In re Piasecki,* 745 F.2d 1468, 1471–72, 223 USPQ 785, 787–88 (Fed.Cir.1984).

**10.** *In re Fine,* 837 F.2d 1071, 1074, 5 USPQ2d 1596, 1598 (Fed.Cir.1988) (citing *In re Lalu,* 747 F.2d 703, 705, 223 USPQ 1257, 1258 (Fed.Cir. 1988)).

**11.** *In re Heldt,* 433 F.2d 808, 811, 167 USPQ 676, 678 (CCPA 1970).

**12.** This court has previously found a ·proposed modification inappropriate for an obviousness inquiry when the modification rendered the prior art reference inoperable for its intended pur-

teaches that its mower strip is flexible in order to allow dirt to be packed thereunder. There is no suggestion in Wilson to extend that flexibility to the entire device. Wilson also lacks any teaching or suggestion that one should remove the anchoring leg. Hendrix does not, simply by virtue of its flexible nature, suggest these extensive changes which the Board states are obvious. Neither Wilson nor Hendrix, alone or in combination, provide any incentive to combine the teachings of the prior art in the manner maintained by the Board.

"Obviousness cannot be established by combining the teachings of the prior art to produce the claimed invention, absent some teaching or suggestion supporting the combination. Under section 103, teachings of references can be combined *only* if there is some suggestion or incentive to do so."[13] Although couched in terms of combining teachings found in the prior art, the same inquiry must be carried out in the context of a purported obvious "modification" of the prior art. The mere fact that the prior art may be modified in the manner suggested by the Examiner does not make the modification obvious unless the prior art suggested the desirability of the modification.[14] Wilson and Hendrix fail to suggest any motivation for, or desirability of, the changes espoused by the Examiner and endorsed by the Board.

Here, the Examiner relied upon hindsight to arrive at the determination of obviousness. It is impermissible to use the claimed invention as an instruction manual or "template" to piece together the teachings of the prior art so that the claimed invention is rendered obvious.[15] This court has previously stated that "[o]ne cannot use hindsight reconstruction to pick and choose among isolated disclosures in the

prior art to deprecate the claimed invention."[16]

### Conclusion

The decision of the Board affirming the Examiner's rejection of independent claims 1, 13, 24, and 29 of Fritch's application as unpatentable over the prior art under 35 U.S.C. § 103 is reversed. Since dependent claims are nonobvious if the independent claims from which they depend are nonobvious, the Board's affirmance of the rejection of dependent claims 2–7, 9–12, 14–23, and 30 is also reversed.[17]

REVERSED.

pose. *In re Gordon,* 733 F.2d 900, 902, 221 USPQ 1125, 1127 (Fed.Cir.1984).

**13.** *ACS Hosp. Systems, Inc. v. Montefiore Hosp.,* 732 F.2d 1572, 1577, 221 USPQ 929, 933 (Fed. Cir.1984).

**14.** *In re Gordon,* 733 F.2d at 902, 221 USPQ at 1127.

**15.** *In re Gorman,* 933 F.2d 982, 987, 18 USPQ2d 1885, 1888 (Fed.Cir.1991). *See also Interconnect*

*Planning Corp. v. Feil,* 774 F.2d 1132, 1138, 227 USPQ 543, 547 (Fed.Cir.1985).

**16.** *In re Fine,* 837 F.2d at 1075, 5 USPQ2d at 1600.

**17.** *In re Fine,* 837 F.2d at 1076, 5 USPQ2d at 1600 (citing *Hartness Int'l, Inc. v. Simplimatic Eng'g Co.,* 819 F.2d 1100, 1108, 2 USPQ2d 1826, 1831 (Fed.Cir.1987)). *See also In re Sernaker,* 702 F.2d 989, 991, 217 USPQ 1, 3 (Fed.Cir.1983) (when argued together, dependent claims stand or fall with the independent claims from which they depend).