17 F.3d 1442
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 In re Larry L. DEBUS, Ernest C. Garcia, and Robert G. Loos.
 No. 93-1320.
 United States Court of Appeals, Federal Circuit.
 Dec. 10, 1993.
 
 Before RICH, ARCHER, and MAYER, Circuit Judges.
 DECISION
 ARCHER, Circuit Judge.
 
 
 1
 Larry L. Debus, Ernest C. Garcia, and Robert G. Loos (applicants) appeal from the February 16, 1993 decision, Appeal No. 93-0090, of the Patent and Trademark Office (PTO) Board of Patent Appeals and Interferences (board) affirming the patent examiner's final rejection of claims 1, 3 and 4 of applicants' patent application, serial no. 662,407 ('407 application), filed February 28, 1991. We reverse.
 
 DISCUSSION
 
 2
 The '407 application describes a book holder that holds a book in an open position. Because of the structure of the book holder, particularly the page holder thereof that rests on the upper part of the exposed left hand page of an open book, the reader can turn the pages with a minimum amount of effort.
 
 
 3
 Claim 1, the only independent claim, reads as follows:
 
 
 4
 A book holder comprising a back plate against which the front and back covers of an open book rest, said back plate having top regions and opposite side regions, retainer tabs on the opposite side regions of said back plate and adapted to overlie, respectively, the front and back cover of the book between those covers and adjacent pages of the book, left and right page holders adapted to overlie upper regions of the exposed left and right pages, respectively, of a book on said back plate, said page holders being made of transparent material and being hingedly attached to the top region of said back plate, said page holders having broad, smooth surfaces contacting said pages to permit the pages to be manually slid beneath the page holders, and spring means biasing said page holders into contact with the exposed pages of the book with sufficient force to hold the pages flat while permitting the pages to be easily slid beneath the page holders, said left page holder having a beveled right edge on the face thereof which contacts the pages of the book to facilitate sliding a page beneath that holder when the page is turned. [Emphasis added.]
 
 
 5
 The claims were rejected for obviousness, see 35 U.S.C. Sec. 103, in view of certain prior art references, including United States Patent No. 4,702,453 to Bishop.
 
 
 6
 According to the examiner, Bishop provides a teaching of beveling of a page holder which would, in combination with the other prior art references, make obvious the page holder beveling claimed in the '407 application claims. The board agreed with the examiner's conclusion. Relying on In re Sheckler, 438 F.2d 999, 168 USPQ 716 (CCPA 1971), the board found motivation for the examiner's proposed combination of references because it "would merely be using the knowledge that is clearly present in the prior art."
 
 
 7
 Bishop, however, does not teach or disclose a page holder with beveling along one side. Instead, it shows in the patent drawings (and does not otherwise discuss in text) beveled edges at the distal ends of what are described as "hold down stays." This teaching, standing alone, is an insufficient basis to support a modification to have beveling along one side of the page holders shown in the other cited prior art. None of the other prior art references teach or disclose beveling on a page holder. There is, thus, no suggestion or motivation in the prior art that would lead one of ordinary skill in the art to make the beveling claimed in the '407 application. "The mere fact that the prior art may be modified in the manner suggested by the Examiner does not make the modification obvious unless the prior art suggested the desirability of the modification." In re Fritch, 972 F.2d 1260, 1266, 23 USPQ2d 1780, 1783-84 (Fed.Cir.1992) (citing In re Gordon, 733 F.2d 900, 902, 221 USPQ 1125, 1127 (Fed.Cir.1984).
 
 
 8
 The beveling on applicants' page holder is not merely ornamental; it is there because applicants have found that it makes page turning easier. Thus, this feature of applicants' invention, which is expressed both structurally and functionally in the claim, cannot be ignored. The claimed invention may in hindsight be a simple improvement but the test for obviousness is not the simplicity of the improvement. See 35 U.S.C. Sec. 103. The PTO bears the burden of establishing a prima facie case of obviousness based on the prior art, In re Fritch, 972 F.2d at 1265, 23 USPQ2d at 1782, and it has failed to do so here.
 
 
 9
 We, therefore, conclude on the basis of this record that the prior art does not render obvious the invention of the '407 application.