NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1506
(Serial No. 10/131,778)

IN RE ARUN ARORA

David Leason, Leason Ellis LLP, of White Plains, New York, for appellant.

Raymond T. Chen, Solicitor, Office of the Solicitor, United States Patent and Trademark Office, of Arlington, Virginia, for the Director of the United States Patent and Trademark Office.  With him on the brief were Robert J. McManus and Frances M. Lynch, Associate Solicitors.

Appealed from:  United States Patent and Trademark Office
                Board of Patent Appeals and Interferences

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1506
(Serial No. 10/131,778)

IN RE ARUN ARORA

Appeal from the United States Patent and Trademark Office, Board of Patent Appeals and Interferences.

_____

DECIDED: March 10, 2010

_____

Before GAJARSA, PLAGER, and DYK, Circuit Judges.

PER CURIAM.

Arun Arora appeals the decision of the Board of Patent Appeals and Interferences (Board), affirming the rejection of claims 11-16 of his patent application. We affirm.

Claims 11-16 of Dr. Arora's application relate to a method for converting drug dosages to prevent overdose. Representative claim 11 reads (with emphasis added to disputed limitations):

> 11.    A method for converting drug dosages to prevent overdose, comprising the steps of:
> defining a common medication reference range;
> *assigning dosages of first and second drugs to respective values within the common medication reference range*;
> prescribing a particular dosage of the first drug;
> identifying a value within the common medication reference range for the particular dosage; and

*permitting prescription fulfillment with a dosage of the second drug which corresponds [to] the dosage of the first drug using the common medication reference range.*

The examiner rejected Dr. Arora's claims under 35 U.S.C. § 103(a) as unpatentable over Francis (U.S. Patent No. 6,978,286) in view of Andersson (U.S. Patent No. 5,934,273). The Board affirmed the examiner's obviousness rejection.

The determination of obviousness under 35 U.S.C. § 103 is a legal conclusion based on underlying facts. In re Kumar, 418 F.3d 1361, 1365 (Fed. Cir. 2005). We review the Board's ultimate determination of obviousness without deference and the Board's underlying fact findings for substantial evidence. In re Kotzab, 217 F.3d 1365, 1369 (Fed. Cir. 2000).

Dr. Arora argues on appeal, as he did before the Board, that Francis and Andersson, either taken alone or in combination, fail to disclose or suggest the features of "assigning dosages of first and second drugs to respective values within the common medication reference range" and "permitting prescription fulfillment with a dosage of the second drug which corresponds [to] the dosage of the first drug using the common medication reference range." However, substantial evidence supports the Board's finding that the references teach those two limitations, and we agree with the Board that Dr. Arora's claims would have been obvious to a person of ordinary skill in the art in light of the cited references.

Francis discloses a method and device for calculating medication dosages. Among other things, Francis teaches the conversion of a drug dosage value in one reference range into an equivalent dosage in a second reference range. See, e.g., Francis col.2 ll.57-59 ("Still another aspect of this present invention is to convert

inputted drug measurement units into desired units of measurement."). Andersson discloses a system for dispensing safe and clinically effective doses of inhalable medications. Andersson also teaches the broad principle that "drugs targeted at the same disease are commonly not equipotent, even if they act by generally the same mechanism." Andersson col.4 ll.62-64. Andersson further explains that "in any assessment of efficiency comparing different drugs, equipotent doses of pharmaceutically active compounds should be directly compared." Id. col.5 ll.4-6.

While Dr. Arora acknowledges that Francis converts drug dosages from one reference range into another, he argues that Francis does not teach "assigning dosages" of two different drugs to values in the same reference range, i.e., the claimed "common medication reference range." Even if Francis does not explicitly disclose conversion to a common reference range, however, the Board found that a person of ordinary skill in the art would appreciate that dosages should be assigned to respective values in a common reference range based on Andersson's teaching that equipotent doses of different medications should be directly compared.

Dr. Arora argues that Andersson should be understood as limited to the narrow teaching that a smaller amount of a drug is needed when delivered via Andersson's inventive dry powder inhaler instead of a metered dose inhaler. It is well-settled, however, that a prior art reference must be considered for all that it teaches to those of ordinary skill in the art, not just the embodiments disclosed therein. See In re Inland Steel Co., 265 F.3d 1354, 1361 (Fed. Cir. 2001); In re Fritch, 972 F.2d 1260, 1264 (Fed. Cir. 1992). Andersson teaches the broad principle that different drugs are equipotent at different dosages, and even provides an example of that principle. Andersson, col.5

ll.2-3 ("0.1 mg of salbutamol generally [is] regarded as equipotent to 0.25 mg of terbutaline sulphate."). Substantial evidence supports the Board's findings regarding the teachings of Andersson, and the Board did not err in concluding that a person of ordinary skill in the art would apply those teachings to Francis to convert dosages of two different drugs into a "common medication reference range."

Dr. Arora also argues that the cited references do not teach "permitting prescription fulfillment with a dosage of the second drug which corresponds [to] the dosage of the first drug using the common medication reference range." His argument, however, is based on his limited reading of Andersson, which has been rejected. The Board properly applied the equipotency principle disclosed in Andersson to conclude that a person of ordinary skill in the art would have converted the dosage of one drug into an equipotent dosage of another drug to prevent overdose, as required by claim 11.

For the foregoing reasons, the Board correctly affirmed the examiner's rejection of claims 11-16 of Dr. Arora's application. Its factual findings were supported by substantial evidence and its conclusion that the claims would have been obvious in light of the prior art references was not in error. Accordingly, we <u>affirm</u> the decision of the Board.